```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION
```

**ALVIN T. PERKINS (#2007-0087932),**

          Plaintiff,         Case No. 11 C 1240

    v.                    Hon. Harry D. Leinenweber

**SERGEANT JACK FARRIS,**

          Defendant.

## MEMORANDUM OPINION AND ORDER

The Plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The Plaintiff claims that the Defendant, a correctional officer at the jail, violated the Plaintiff's constitutional rights by using unjustified force against him and by denying him needed medical attention for his injuries. This matter is before the court for ruling on the Defendant's motion for summary judgment. For the reasons stated herein, the Motion is granted in part and denied in part.

### I. STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Vision Church v. Village of Long Grove*, 468 F.3d 975, 988 (7th Cir. 2006). In

determining whether factual issues exist, the court must view all the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Weber v. Universities Research Assoc., Inc.*, 621 F.3d 589, 592 (7th Cir. 2010). The court does not "judge the credibility of the witnesses, evaluate the weight of the evidence, or determine the truth of the matter. The only question is whether there is a genuine issue of fact." *Gonzalez v. City of Elgin*, 578 F.3d 526, 529 (7th Cir. 2009), *citing Anderson v. Liberty Lobby*, 477 U.S. 242, 249-50 (1986).

However, Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Sarver v. Experian Information Solutions*, 390 F.3d 969, 970 (7th Cir. 2004) (citations omitted). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Egonmwan v. Cook County Sheriff's Dept.*, 602 F.3d 845, 849 (7th Cir. 2010), *quoting Faas v. Sears, Roebuck & Co.*, 532 F.3d 633, 640-41 (7th Cir. 2008).

## A. Local Rule 56.1 (N.D. Ill.)

The Defendant filed a Statement of Uncontested Material Facts pursuant to Local Rule 56.1 (N.D. Ill.). Together with his Motion for Summary Judgment, the Defendant included a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment" [Dkt. No. 37], as required by circuit precedent. That notice clearly explained the requirements of the Local Rules and warned the Plaintiff that a party's failure to controvert the facts as set forth in the moving party's statement results in those facts being deemed admitted. *See, e.g., Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003).

Local Rule 56.1(b) requires a party opposing a motion for summary judgment to file:

> (3) a concise response to the movant's statement that shall contain
>
> (A) a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon, and
>
> (B) a statement, consisting of short numbered paragraphs, of any additional facts that require denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon.

L.R. 56.1(b).

The district court may rigorously enforce compliance with Local Rule 56.1. *See, e.g., Stevo v. Frasor*, 662 F.3d 880, 886-87 (7th Cir. 2011) ("Because of the high volume of summary judgment motions and the benefits of clear presentation of relevant evidence and law,

we have repeatedly held that district judges are entitled to insist on strict compliance with local rules designed to promote the clarity of summary judgment filings") (citing *Ammons v. Aramark Uniform Serv., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004). Although *pro se* plaintiffs are entitled to lenient standards, compliance with procedural rules is required. *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006); *see also Koszola v. Bd. of Educ. of the City of Chicago*, 385 F.3d 1104, 1108 (7th Cir. 2004). "We have . . . repeatedly held that a district court is entitled to expect strict compliance with Rule 56.1." *Cichon v. Exelon Generation Co.*, 401 F.3d 803, 809 (7th Cir. 2005).

Despite the admonitions stated above, the Plaintiff failed to file a proper response to the Defendant's statement of uncontested facts. In his opposing brief, the Plaintiff disputes some of the Defendant's contentions; however, he cites to no specific evidence in the record to support his claims. A Motion for Summary Judgment "requires the responding party to come forward with the evidence that it has--it is the 'put up or shut up' moment in a lawsuit." *Eberts v. Goderstad*, 569 F.3d 757, 767 (7th Cir. 2009) (citations omitted).

Because the Plaintiff is proceeding *pro se*, the Court will grant him considerable leeway and take into account the factual assertions he makes in his summary judgment materials. However, the Court will entertain the Plaintiff's factual statements only insofar as he could properly testify about the matters asserted. *See* FED. R. EVID. 602.

The Court notes, in any event, that the sequence of events set forth in this opinion is gleaned largely from the Plaintiff's own deposition testimony.

Given the considerations stated above, the Court views the Defendant's Rule 56.1 statements supported by the record and not properly rebutted by the Plaintiff to be true and uncontested. [In order to meet its obligation to view the record in the light most favorable to the non-movant, the Court has supplemented the Defendant's statement of facts with additional facts the Plaintiff asserted during his deposition and in his opposing brief].

## II.  **BACKGROUND**

The Plaintiff, Alvin Perkins, is a pretrial detainee in the custody of the Cook County Department of Corrections. (Defendant's Exhibit A, Deposition of Alvin T. Perkins, p. 6.)  The Defendant, Jack Farris, is a sergeant at the Cook County Jail. (Complaint, p. 2.)

In February 2010, the Plaintiff was involved in a skirmish with several correctional officers. (Plaintiff's Dep., p. 27.)  The Plaintiff filed a lawsuit charging that the officers had used excessive force against him. (*Id.*, p. 53; *see also Perkins v. Christie*, Case No. 10 C 3363 (N.D. Ill.).  In the Complaint, the Plaintiff alleged that officers had handcuffed him too tightly, slammed his face into an elevator wall, and "busted" his lip. (Plaintiff's Dep., p. 53; Complaint in Case No. 10 C 3363.)

On June 17, 2010, the Plaintiff went to the jail's law library. (Plaintiff's Dep., p. 78.) While in the law library, the Plaintiff had an encounter with two correctional officers whom he believed to be "picking at" him. (*Id.*, p. 9.) After returning from the law library, the Plaintiff demanded to speak to a superior officer. (*Id.*, p. 12.)

When Defendant Farris arrived, the Plaintiff attempted to explain to him what had happened. (*Id.*) According to the Plaintiff, Farris told him to "shut up," remarking that the Plaintiff did not know how to follow orders. (There is no affidavit from Farris contesting the Plaintiff's account of the events that took place.) (*Id.*) When the Plaintiff persisted in sounding off about what had occurred in the law library, Farris threatened to "spray" him, presumably with mace or pepper spray. (*Id.*) The Plaintiff admits that he was very angry, that his voice was raised, and that the confrontation "escalated from there." (*Id.*, pp. 14-15.)

At some point during the encounter, Farris told the Plaintiff to turn around and be handcuffed. (*Id.*, p. 12.) Farris allegedly "slammed the cuffs down on [the Plaintiff's] wrist, both sides, with both his hands." (*Id.*, p. 13.) When the Plaintiff complained that Farris was hurting him, the officer told the Plaintiff to "shut the fuck up." (*Id.*, p. 14.)

Farris led the Plaintiff to an elevator by pushing him forward and bending his wrists. (*Id.*, p. 18.) Because Farris continued to

- 6 -

exert pressure while the two waited for the elevator, the Plaintiff cursed at him and repeated that Farris was hurting him. (*Id.*, p. 19.) The two continued to exchange angry words. (*Id.*)

Once Farris and the Plaintiff were alone inside the elevator, Farris "slammed" him against the wall three or four times. (*Id.*) Farris then kneed the Plaintiff in the back and slammed against him again, causing the Plaintiff to fall on the floor and fracture his wrist[s]. (The Plaintiff has provided conflicting information as to whether one or both wrists were injured. *See* Plaintiff's Dep., pp. 21, 23.) (*Id.*, p. 21.) Farris threw the Plaintiff from side to side and swung him around. (*Id.*, p. 23.) Farris also choked him. (Unmarked Exhibit to Plaintiff's Opposing Brief, Declaration of Alvin Perkins, ¶¶ 7-9.)

When the elevator door opened, Farris picked the Plaintiff up and began kicking him. (*Id.*, p. 22.) Afterward, Farris placed the Plaintiff in a holding cell in the jail's Intake area and left him there, handcuffed. (*Id.*) The Plaintiff remained in the intake cell for two or three hours. (*Id.*) At his deposition, the Plaintiff testified that he never received any medical treatment that day, *see* Plaintiff's Dep., p. 24; however, in response to the Defendant's Motion for Summary Judgment, he states he was seen by medical personnel after two or three hours. (Plaintiff's Brief Opposing Summary Judgment, at p. 5.)

The Plaintiff claims to have sustained four chipped teeth, a fractured right wrist, and a "busted" lip as a result of Farris' alleged use of force. (*Id.*, pp. 23, 24, 26.)

The Plaintiff sought medical treatment several months later. (*Id.*, p. 24.) A CT scan revealed a healed fracture in the Plaintiff's right wrist; x-rays reflected no injuries. (*Id.*, pp. 25, 28.)

On June 22, 2010, the Plaintiff filed a grievance claiming that Farris had assaulted him. (*Id.*, p. 41; Exhibit 4 to Deposition.) The grievance was returned on July 1, 2010, with a notation that "Allegations are currently being investigated." (Plaintiff's Dep., p. 42; Exhibit 4 to Deposition.) The Plaintiff did not file an appeal. (Plaintiff's Dep., p. 42.)

On August 10, 2010, the Plaintiff filed a second grievance, this time asking to speak to an internal affairs investigator regarding Farris' alleged assault. (*Id.*, p. 43; Exhibit 5 to Deposition.) The grievance was processed as a "request" and the Plaintiff was directed to provide additional information. (Defendant's Exhibit C, Affidavit of John Mueller, ¶ 9.) (The record does not indicate whether the Plaintiff did so.)

The Plaintiff filed a third grievance concerning the encounter with Farris on August 24, 2010. (Plaintiff's Dep., p. 44; Exhibit 6 to Deposition.) Once again, the grievance was processed as a request. (Plaintiff's Dep., p. 45; Exhibit 6 to Deposition, Mueller Affidavit, ¶ 10.)

The Plaintiff filed another grievance about two months later, on October 25, 2010. (Plaintiff's Dep., p. 46; Exhibit 7 to Deposition.) In his grievance, the Plaintiff complained that he needed medical attention for his wrists. (Exhibit 7 to Deposition.) The grievance was denied on the basis that he had been seen at Cermak Hospital on November 16, 2010. (Plaintiff's Dep., p. 47; Exhibit 7 to Deposition.) The Plaintiff appealed the grievance on November 23, 2010. (Plaintiff's Dep., p. 47; Exhibit 7 to Deposition.) The Appeal Board responded that the Plaintiff would be "rescheduled" at the primary care clinic. (Plaintiff's Dep., p. 47; Exhibit 7 to Deposition; Mueller Affidavit, ¶ 11.)

On December 16, 2010, the Plaintiff filed a grievance asking for permission to appeal two of his previously-filed grievances against Farris because he had "not received a legitimate response" after the grievances were supposedly referred to the Office of Professional Responsibility. (Plaintiff's Dep., p. 48; Exhibit 8 to Deposition.). The grievance was processed as a request. (Plaintiff's Dep., p. 48; Exhibit 8 to Deposition; Mueller Affidavit, ¶ 12.) The Appeal Board refused to accept the Plaintiff's appeals. (Mueller Affidavit, ¶ 11.)

### III. **ANALYSIS**

The Defendant's Motion for Summary Judgment is granted only with respect to the Plaintiff's claim that he was denied needed medical care. Because the Plaintiff never filed a grievance regarding the Defendant's alleged denial of medical care, the Court cannot

- 9 -

entertain that claim. However, the Court concludes that the grievance process was effectively "unavailable" to the Plaintiff with respect to his excessive force claim given his difficulty obtaining resolution. Furthermore, a trier of fact must decide whether Farris' use of force was constitutionally excessive.

### A. Exhaustion

#### *1. The Plaintiff's Use of Force Claim*

The Plaintiff made a good faith endeavor to exhaust administrative remedies in connection with his excessive force claim; because his efforts were frustrated by correctional officials, the court deems the administrative exhaustion process satisfied as to that issue.

The Prison Litigation Reform Act of 1996 contains a comprehensive administrative exhaustion requirement. Under that statute, "[n]o action shall be brought with respect to prison conditions . . . by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e)(a); *see also Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000); *Booth v. Churner,* 531 U.S. 956 (2001). "[I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, then the prisoner must utilize that administrative system before filing a claim under Section 1983." *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999); *Smith v. Zachary*, 255 F.3d 446, 450 (7th Cir. 2001). In order to exhaust, a

prisoner "must take all steps prescribed by the prison's grievance system." *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2001).

In the case at bar, the Plaintiff's timely, original grievance relating to Farris' use of force was met with the response that his allegations were being "investigated." Such a response would not necessarily warrant an appeal. Having apparently received no final decision, the Plaintiff followed up with two more grievances in August 2010; after that, he attempted to pursue late appeals. Prison officials' failure to respond to an inmate's grievances renders administrative remedies "unavailable" and excuses the prisoner from pursuing them further. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002). In fact, the Plaintiff's counselor expressly - though evidently mistakenly - advised him at one point that "Detainee has exhausted the grievance procedure." (Exhibit 6 to Plaintiff's Dep., p. 2.) Under the circumstance of this case, the court therefore concludes that the Plaintiff exhausted administrative grievance procedures as to his excessive force claim.

### *2. The Plaintiff's Medical Claim*

However, the Plaintiff's claim that the Defendant denied him needed medical care for his injuries must be dismissed for failure to properly exhaust administrative remedies prior to filing suit. An inmate must comply with the rules established by the State with respect to the form and timeliness of grievances. *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-25 (7th Cir. 2002) (where prisoner failed to avail himself of the administrative grievance process in a

timely manner, he was barred from pursuing relief in federal court). Grievances at the Cook County Jail must be submitted "within fifteen (15) days after alleged grievable event has occurred." Cook County Department of Corrections General Order 14.5. In this case, the Plaintiff never filed a grievance against Farris for denying him access to medical care. His myriad grievances in the weeks immediately following the encounter all relate to Farris' use of force; none make any mention of medical needs not being addressed.

The Plaintiff's first grievance concerning medical care was in October 2010 - some four months after the June elevator incident. Even if that grievance could somehow be linked to the confrontation with Farris (as opposed to the other, multiple clashes with the correctional staff catalogued during the Plaintiff's deposition), such a grievance would have been untimely as it pertained to Farris.

Because the Plaintiff never filed a grievance challenging the alleged denial of access to medical care by Farris, he is barred from pursuing relief in federal court. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intraprison remedies before judgment." *Perez v. Wis. Dept. of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999); *Gray v. Cook County Municipality*, No. 12 C 1504, 2012 WL 1339718, *2 (N.D. Ill. Apr. 12, 2012) (Zagel, J.). Consequently, the court has no occasion to consider either whether

the Plaintiff's injuries were objectively "serious" for purposes of constitutional analysis, or whether Farris acted with deliberate indifference to those needs.

The Court nevertheless notes that there is no evidence whatsoever in the record indicating that the Plaintiff ever asked Farris for medical assistance, let alone filed a grievance relating to any such denial. The Plaintiff apparently had no visible injuries other than a split lip; at his deposition he vaguely referred to asking an unspecified "them" for treatment, *see* Plaintiff's Dep., at p. 24, and his affidavit opposing summary judgment does not touch upon an alleged denial of medical care. The only indication that the Plaintiff required or received treatment is in his brief opposing summary judgment – which controverts his deposition testimony that he received no care until months later.

First, "litigants cannot create sham issues of fact with affidavits that contradict their prior depositions." *Janky v. Lake County Convention and Visitors Bureau*, 576 F.3d 356, 362 (7th Cir. 2009), quoting *Lorillard Tobacco Co. v. A & E Oil, Inc.*, 503 F.3d 588, 592 (7th Cir. 2007). Second, statements in a motion or brief are not evidence and are not entitled to any evidentiary weight. *See, e.g., Topi v. Mukasey* 264 Fed.Appx. 504, 506 (7th Cir. 2008); *Wilson v. Hosey*, No. 09 C 7777, 2012 WL 957488, *7 (N.D. Ill. Mar. 15, 2012) (Norgle, J.) (citations omitted). Therefore, even ignoring exhaustion concerns, the Plaintiff has no triable medical claim.

**B. Substantive Challenge to Plaintiff's Use of Force Claim**

A jury must decide whether Farris' use of force was constitutionally excessive. The Defendant's reliance on Fourth Amendment case law relating to the use of force in effecting an arrest is misplaced. In the jail context, the use of force qualifies as "excessive" for the purpose of the Fourteenth Amendment when it entails the "'unnecessary and wanton infliction of pain.'" *Rice ex rel. Rice v. Correctional Medical Services*, 675 F.3d 650, 667 (7th Cir. 2012) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). When jailers are accused of using excessive force, the core inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *Santiago v. Walls*, 599 F.3d 749, 757 (7th Cir. 2010). Factors relevant to that inquiry include whether the jail officials perceived a threat to their safety and the safety of other inmates, whether there was a genuine need for the application of force, whether the force used was commensurate with the need for force, the extent of any injury inflicted, and whatever efforts the officers made to temper the severity of the force they used. *Rice*, 675 F.3d at 668; *Whitley*, 475 U.S. at 321; *see also Forrest v. Prine*, 620 F.3d 739, 744–45 (7th Cir. 2010); *Lewis v. Downey*, 581 F.3d 467, 475–77 (7th Cir. 2009).

This case does not, as the Defendant seems to suggest, involve merely overly tight handcuffs. The Plaintiff maintains that Farris bent his wrists so as to cause pain, repeatedly slammed him against

walls, kicked him, and choked him.  Moreover, a fractured wrist and chipped teeth are not *de minimis* injuries.  The Court cannot find, as a matter of law, that Farris' use of force was objectively reasonable based on the Plaintiff's version of the events that took place.  A jury must decide whether Farris acted as the Plaintiff describes and, if so, whether his actions were justified.  *Phillips v. Community Ins. Corp.*, 678 F.3d 513, 2012 WL 1449675, *3 (7th Cir. 2012) (citing *Bell v. Irwin*, 321 F.3d 637, 640 (7th Cir. 2003)).

The Defendant points out several factors that support a finding that some use of force may have been warranted and that arguably affects the Plaintiff's credibility:  the Plaintiff was admittedly angry and upset and speaking in a raised voice; he was at least somewhat resistant to the officer's orders; he has a documented history of threatening officers; he had recently filed a very similar lawsuit against other officers claiming the same, basic injuries; his grievances are not entirely consistent with the allegations of mistreatment alleged in the Complaint; his deposition testimony has inherent contradictions; no one witnessed the alleged assault; and the Plaintiff apparently did not seek medical care for his purported injuries in the days following the incident.  The Court agrees that based on such evidence, a jury could well conclude that the Plaintiff's claims are exaggerated or even fabricated.

However, the evidence is not so one-sided that no reasonable juror could find in the Plaintiff's favor.  In ruling on a Motion for Summary Judgment, the Court may not assess the credibility of

witnesses, choose between competing inferences, or balance the relative weight of conflicting evidence. *Omnicare, Inc. v. UnitedHealth Group, Inc.*, 629 F.3d 697, 705 (7th Cir. 2011) (citations omitted); *Abdullahi v. City of Madison*, 423 F.3d 763, 773 (7th Cir. 2005), *citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Rather, the Court must view all the evidence in the record in the light most favorable to the non-moving party and resolve all factual disputes in favor of the non-moving party. *Id.* Viewing the record in the light most favorable to the Plaintiff, constitutionally excessive force can be inferred.

Summary judgment tends to be inappropriate in excessive-force cases because the evidence surrounding the officer's use of force is often susceptible to different interpretations. *Cyrus v. Town of Mukwonago*, 624 F.3d 856, 862 (7th Cir. 2010), *citing Catlin v. City of Wheaton*, 574 F.3d 361, 367 (7th Cir. 2009). Assuming the trier of facts accepts the Plaintiff's account as true, Farris may be found liable under 42 U.S.C. § 1983 for resorting to excessive force.

In sum, the Court finds, with regard to the Plaintiff's excessive force claim, that he complied with the "purpose and letter of the PLRA" through his multiple attempts to exhaust grievance procedures. *See Barnes v. Briley*, 420 F.3d 673, 678 (7th Cir. 2005). The Court is also satisfied that the Plaintiff has a triable excessive force claim that must be resolved by a jury. The Plaintiff's medical claim, however, is dismissed for failure to exhaust administrative remedies.

## IV. CONCLUSION

For the reasons stated herein, the Defendant's Motion for Summary Judgment [#36] is granted as to the Plaintiff's medical claim but denied as to his excessive force claim. The Plaintiff's medical claim is dismissed pursuant to 42 U.S.C. § 1997e(a) on grounds of non-exhaustion. The Plaintiff's "Motion in Opposition" [#46] is terminated. The Plaintiff's Motion for an Extension of Time [#45] is denied as moot.

**IT IS SO ORDERED.**

	Harry D. Leinenweber, Judge
	United States District Court

**DATE:** 6/28/2012